UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA

        -against-

LARRY WILLIAMS,

                      Defendant.
----------------------------------------------------------X

**MEMORANDUM & ORDER**

01 CR 538 10 (RJD)

DEARIE, District Judge.

      Defendant Larry Williams, currently serving a 145 month prison term for conspiracy to possess and distribute crack cocaine, moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The motion implicates two recent amendments to the United States Sentencing Guidelines ("USSG"). In 2010, following Congress's passage of the Fair Sentencing Act, which reduced the 100:1 powder/crack cocaine sentencing disparity to 18:1, the Sentencing Commission amended the Guidelines applicable to crack cocaine by raising the quantities of crack required to trigger each base offense level. See USSG App. to Supp. C, amend. 750 (effective Nov. 1, 2010, made permanent Apr. 6, 2011, and made retroactive Nov. 1, 2011); see also Pub. L. No. 111-220, 124 Stat. 2372 (2010). Importantly for the present motion, Amendment 759 to the Guidelines, which made Amendment 750 retroactive, also amended USSG § 1B1.10(b)(2) to preclude downward departures or variances below "the minimum of the amended guideline range" except in cases where the defendant had previously received a downward departure based on "substantial assistance" to the government. USSG § 1B1.10(b)(2)(B).

      Because defendant's current sentence is already below the "the minimum of the amended guideline range" applicable to him, USSG § 1B1.10(b)(2)(A), and defendant did not previously receive a reduction pursuant to a government motion for providing "substantial assistance to

authorities," USSG § 1B1.10(b)(2)(B), the Court is without discretion to further reduce defendant's sentence. The motion is, therefore, denied.

## I. BACKGROUND

This Court recently had occasion to resentence defendant based upon the 2007 amendments to the Guidelines, which reduced by two levels each of the base offense levels associated with certain quantities of crack cocaine. See USSG App. to Supp. C, amend. 706 (effective Nov. 1, 2007) and amend. 713 (making amend. 706 retroactive, effective Mar. 3, 2008); USSG § 1B1.10(c). The Order granting defendant's motion for a sentence reduction set forth the following pertinent background:

> In July 2002, a jury convicted defendant of conspiring to possess and distribute over 50 grams of crack cocaine in violation of 21 U.S.C. §§ 841 and 846. Adopting a "conservative" calculation of drug quantity, this Court assigned defendant a base offense level of 36 which, combined with defendant's Criminal History Category III, resulted in a Guideline range of 235 to 293 months imprisonment. (5/24/05 Sentencing Tr., Dkt. # 317, at 6.) In May 2005, after considering the statutory factors listed in 18 U.S.C. § 3553(a), the Court imposed a sentence of 192 months, which was 43 months below the applicable minimum. In February 2006, the Second Circuit affirmed defendant's conviction. United States v. Pearson, 165 F. App'x 129 (2d Cir. 2006).

United States v. Williams, No. 01 CR 538 10(RJD), 2011 WL 13897, at *1 (E.D.N.Y. Jan. 4, 2011).

Under the policy statement embodied in USSG § 1B1.10(b)(2)(B), applicable at the time of defendant's last sentence reduction following the 2007 crack amendments, the Court was authorized to impose a sentence "comparably less than the amended guideline range," where defendant's original sentence "was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing." Id. The 2007 amendments had reduced defendant's base offense level to 34, resulting in an amended Guideline range of 188 to

2

235 months in prison. Taking into account the applicable § 3553(a) factors and the Court's previous downward departure, the Court held "that an identical downward variance of 43 months [wa]s 'comparably less' than the amended Guideline minimum" and accordingly reduced defendant's sentence to 145 months. Williams, 2011 WL 13897 at *1-2.

The Sentencing Commission then once again retroactively amended the guidelines relating to crack offenses in 2010 and this motion followed.

## II. DISCUSSION

Defendant's sentence was based upon the crack cocaine Guidelines, the offense levels for which the Sentencing Commission again amended in 2010. "The Supreme Court . . . [has] explained that § 3582(c)(2) permits a 'limited adjustment to an otherwise final sentence' . . . and set forth a 'two-step inquiry' for resolving motions for a reduction in sentence pursuant to this provision." United States v. Mock, 612 F.3d 133, 136-37 (2d Cir. 2010) (quoting Dillon v. United States, 130 S. Ct. 2683, 2690-91 (2010)). "First, the defendant in question must be eligible for a reduction in sentence." Id. at 137 (emphasis in original). "If, and only if, a defendant is eligible for a reduction in sentence under" these provisions, then a district court may "'consider any applicable § 3553(a) factors and determine whether'" a reduction is warranted. Mock, 612 F.3d at 137 (quoting Dillon, 130 S. Ct. at 2692).

A sentence modification is only "authorized" under Dillon's first step, where the crack cocaine amendments "have the effect of lowering the *defendant's* applicable guideline range," USSG § 1B1.10(a)(2)(B) (emphasis added). In this case, the parties' dispute over the appropriate quantity of crack for which to hold defendant accountable, and thus defendant's eligibility for a reduction in sentence, is purely academic. Even if defendant were held responsible for the minimum weight of crack both parties agree that defendant could be held responsible—500

3

grams—and defendant's Guideline sentencing range was lowered accordingly, the Court would still be without authority to further reduce defendant's sentence because defendant's current sentence would be below the minimum of the new amended guideline range. ECF Docket # 465, Defendant's Motion at 1 (citing USSG § 1B1.10(b)(2)).

As discussed above, the Guidelines previously in force *permitted* a sentencing court to depart comparably below the minimum of the amended Guideline range in any case where a defendant previously had received such a downward departure or variance. In order to "promote[] conformity with the amended guideline range[,] . . . avoid[] undue complexity and litigation[, and] . . . further[] the purposes of sentencing" however, effective November 1, 2011, the Commission restricted this exception "to cases involving a government motion to reflect the defendant's substantial assistance to authorities." USSG App. to Supp. C, amend. 759. If defendant were held accountable for 500 grams of crack, his base offense level under the new guidelines would be 32. USSG § 2D1.1(c)(4). Combined with defendant's Criminal History III, the amended guidelines range would reduce defendant's previous guidelines range from 188-235 months to 151-188 months. Defendant concedes that under the now-operative USSG § 1B1.10(b)(2), the Court has no authority to reduce defendant's sentence because his "current sentence of 145 month [sic] is below the low end of his new amended guideline range." ECF Docket # 465, Defendant's Motion ("Def.'s Motion) at 1. Instead, defendant argues that the amendment to Section 1B1.10(b)(2) is "unlawful" because it "directly contravened" the Commission's statutory directives and violated separation of powers principles. Def.'s Motion at 1, 5-6. Accordingly, defendant urges the Court to disregard Section 1B1.10(b)(2) altogether, and reduce his sentence to 120 months, the mandatory statutory minimum. Id. Defendant's argument is unpersuasive.

4

The Supreme Court has held unequivocally that in sentence modification proceedings, USSG § 1B1.10 conclusively and *mandatorily* "determines [a] prisoner's eligibility for a sentence modification *and the extent of the reduction authorized*." 130 S. Ct. at 2691 (emphasis added). Thus, under <u>Dillon</u>, the Sentencing Commission not only has the authority to determine the "application of [a] retroactive amendment," Def.'s Motion at 8, but also may delineate the contours within which a retroactive amendment can be applied, including, for example, whether and how to prohibit further departures or variances. Contrary to defendant's contention, amended Section 1B1.10(b)(2) is fully consistent with the statutory backdrop governing sentence modifications. The statute setting forth the duties of the Sentencing Commission provides that the Commission "shall promulgate and distribute . . . general policy statements regarding application of the guidelines . . . that in the view of the Commission would further the purposes set forth in [18 U.S.C. § 3553(a)(2)] . . . including the appropriate use of . . . the sentence modification provisions set forth in section[]. . . 3582(c)." 28 U.S.C. § 994(a)(2)(C). Section 3582(c), in turn, prohibits courts from modifying a term of imprisonment once it has been imposed except, in pertinent part, when a defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "such a reduction <u>is *consistent with applicable policy statements issued by the Sentencing Commission*</u>." 18 U.S.C. § 3582(c)(2) (emphasis added). In fashioning policy statements, Congress explicitly granted the Sentencing Commission the authority to "specify *in what circumstances and by what amount* the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u) (emphasis added). This Court is thus constrained both by unambiguous Supreme Court precedent and the plain language of Congress. Accordingly, the Court will not disregard the clear prohibition now contained in Section 1B1.10(b)(2).

5

Although not yet asked to rule on the constitutionality of the revised 1B1.10(b)(2), prior to the effective date of the amendment, the Second Circuit signaled its approval by "acknowledg[ing] the Sentencing Commission's proposed amendment to § 1B1.10," and noting that "[a]bsent congressional disapproval, that amendment . . . will dramatically alter the landscape for sentenced prisoners who seek to benefit from . . . [the] retroactive reduction of crack sentences." United States v. Rivera, 662 F.3d 166, 183 (2d Cir. 2011). Since its effective date, moreover, no court in this Circuit or elsewhere has found the amendment to be constitutionally infirm. See, e.g., United States v. Beserra, 466 F. App'x 548. 450 (7th Cir. 2012) (affirming district court's decision not to impose below guidelines sentence because defendant's § 3582(c)(2) "motion . . . was granted after the Sentencing Commission had cabined the district court's discretion by adopting" the amendment to 1B1.10(b)(2)); United States v. Malloy, No. 1:06-CR-394-20 (GLS), 2012 WL 603725, at *4 (N.D.N.Y. Feb. 24, 2012) (noting that the amended "section 1B1.10(b)(2) is unambiguous; it bars a reduction, whether by departure or variance, that imposes a term of imprisonment below the minimum of the amended guideline range."); United States v. Logan, ---F. Supp. 2d ----, 2012 WL 616257, at *19-21 (E.D.N.Y. Feb. 23, 2012) (Spatt, J.) (applying new 1B1.10(b)(2)); United States v. Mitchell, 828 F. Supp. 2d 576, 579 (E.D.N.Y. 2011) (Spatt, J.) (same); United States v. Castillo-Bienvenido, No. 03-487-01, 2012 WL 1946817, at *2-3 (E.D. Pa. May 30, 2012) (rejecting "as unpersuasive" argument that "Sentencing Commission's adoption of [the new 1B1.10(b)(2)] . . . exceeded its statutory powers, violated the separation of powers doctrine, and was invalid because it was not properly noticed for comment."); United States v. Coleman, No. 98-0029-WS, 2012 WL 523908, at *2 (S.D. Ala. Feb. 15, 2012) ("[A]ppellate precedents have uniformly and emphatically rejected arguments of the sort made by [defendant] here that the express statutory limitations on §

3582(c)(2) relief set forth in that provision may be ignored as non-binding or invalid."); <u>United States v. Lott</u>, No. 04-786, 2012 WL 170698, at *2-3 (E.D. Pa. Jan. 19, 2012) (same).

Yet even if the Court did have authority to reduce defendant's sentence further, it would not exercise its discretion to do so. <u>See</u> <u>Rivera</u> 662 F.3d at 170 ("A retroactive amendment merely authorizes a reduction in sentence; it does not require one."). The Court has already shown defendant considerable leniency, reducing defendant's sentence a total of 86 months below his applicable Guideline ranges. Taking into account all of the § 3553(a) factors, a sentence of 145 months is plainly "sufficient, but not greater than necessary to comply with the purposes of sentencing." 18 U.S.C. § 3553(a).

### III. CONCLUSION

For the reasons stated above, defendant's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) is denied.


SO ORDERED.

Dated: Brooklyn, New York
      July <u>18</u>, 2012                                    s/ Judge Raymond J. Dearie

                                                                      RAYMOND J. DEARIE
                                                                      United States District Judge